**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 14-1822**

———————————

SAMIRA YOUSSEF JADOO JADOO,

          Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

          Respondent.

———————————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————————

Submitted:  May 7, 2015                    Decided:  June 9, 2015

Amended:  September 10, 2015

———————————

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Hassan M. Ahmad, THE HMA LAW FIRM, PLLC, Herndon, Virginia, for Petitioner.  Joyce R. Branda, Acting Assistant Attorney General, Edward Wiggers, Senior Litigation Counsel, Channah F. Norman, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Samira Youssef Jadoo Jadoo, a native of Israel and a citizen of Palestine, petitions for review of an order of the Board of Immigration Appeals ("Board"), dismissing her appeal from the immigration judge's order finding her removable because her conditional lawful permanent resident ("LPR") status was terminated and she was not eligible for a waiver under Immigration and Nationality Act ("INA") § 237(a)(1)(H), 8 U.S.C. § 1227(a)(1)(H) (2012), known as the "fraud waiver." We deny the petition for review.

Whether Jadoo was eligible for the fraud waiver is a question of law we review de novo. Saintha v. Mukasey, 516 F.3d 243, 251 (4th Cir. 2008). The Board held that, even assuming that Jadoo's adjustment of status qualified as an "admission," she was not eligible for the fraud waiver because she was removable, not for fraud, but for failing to file the petition to remove the conditional basis of her LPR status. We need not make such an assumption, because this Court has held that "the statutory definition of 'admission' does not include adjustment of status." Aremu v. Dep't of Homeland Sec., 450 F.3d 578, 581 (4th Cir. 2006); see Bracamontes v. Holder, 675 F.3d 380, 386 (4th Cir. 2012). However, even if we were to assume that Jadoo's adjustment of status was an "admission," we agree with

2

the Board that Jadoo was not ordered removed because she engaged in fraud or misrepresentation.  See 8 U.S.C. § 1227(a)(1)(H). The Board's recent opinion in Matter of Agour, 26 I. & N. Dec. 566 (B.I.A. 2015), does not alter the fact that Jadoo is ineligible for the fraud waiver.

Further, we conclude that the Board did not abuse its discretion in denying the motion to remand.  Obioha v. Gonzales, 431 F.3d 400, 408 (4th Cir. 2005).  The Board opinion on which Jadoo relies is both unpublished and arises from another circuit, and as such does not compel the Board to grant the requested relief.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

PETITION DENIED